## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ELLSWORTH WILLIAM JEFFRIES III, et al.,

Plaintiffs,

v.                                                    No. 25-2352-KHV-ADM

HARCROS CHEMICALS INC., et al.,

Defendants.

VANESSA TUCKER, individually and on
behalf of those similarly situated,

Plaintiff,                                    No. 25-2569-KHV-ADM

v.

HARCROS CHEMICALS INC., et al.,

Defendants.

### AMENDED PROTECTIVE ORDER

Pursuant to the Memorandum and Order granting Defendants' Motion to Amend Protective

Order (ECF 152), for good cause shown under Fed. R. Civ. P. 26(c), the court enters the following

Amended Protective Order:

**1. Scope**

All documents and materials produced in discovery, including initial disclosures, discovery

responses, deposition testimony and exhibits, and information derived therefrom (hereinafter,

collectively, "documents"), are subject to this Order concerning Confidential Information as set

forth below. As there is a presumption in favor of open and public judicial proceedings in the

1

federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

### 2. Definitions

For purposes of this Protective Order:

a.    **"Action"** means the above-captioned litigation, including any current or future consolidated or related-designated actions, and any appeals thereof.

b.    "**AI Tool**" means a machine-based system that is designed to operate with varying levels of autonomy and that may exhibit adaptiveness after deployment, and that, for explicit or implicit objectives, infers, from the input it receives, how to generate outputs such as predictions, content, recommendations, or decisions that can influence physical or virtual environments. "AI Tool" includes techniques and technologies such as machine learning, natural language processing, and large language models (e.g., ChatGPT, Claude, Google Bard). Expressly excluded from this definition of "AI Tool" are: default word processing and plug-in spelling and grammar checks (e.g., Editor in Word, Grammarly), citation formatting, document comparison (e.g., Compare function in Word/Adobe), basic search functions, file conversion, and OCR.

c.    **"Confidential Information"** means information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties including material that contains non-public, proprietary, trade secret, commercially sensitive, financial, regulatory, strategic, research, personal, medical, or otherwise protected information. Information or documents that are available to the public, or that subsequently becomes public

through no wrongful act of the Receiving Party, may not be designated as Confidential Information.

d.      **"Document"** and **"Information"** shall be interpreted broadly to include all forms of tangible and electronic evidence as defined under Fed. R. Civ. P. 34(a).

e.      **"Disclosing Party"** means any Party or third-party producing discovery materials in this Action.

f.      "**Discovery Materials**" means Documents or Information produced or received in discovery, and any information derived therefrom.  "Discovery Materials" does not include information or documents that were or are available to the public outside the context of this Action.

g.      **"Receiving Party"** means any Party receiving discovery materials in this Action.

h.      **"Parties"** means the Plaintiffs and Defendants in this Action.

i.      **"Counsel"** means outside counsel of record, in-house counsel, and their respective attorneys, paralegals, and staff employed by them.

j.      "**Expert**" or **"Consultant"** means a person retained to provide expert testimony or non-testimonial consulting services.

k.      **"Acknowledgement and Agreement to Be Bound"** means the written undertaking attached hereto as Exhibit A, signed by any person given access to Confidential Information, acknowledging that they have read this Order, agree to be bound by it, and consent to the jurisdiction of this court for enforcement purposes.

**3. Designation of Confidential Information**

Any Party or producing third party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or affixing the word "CONFIDENTIAL" on each page of the document and on all copies in a manner that will not

3

interfere with the document's legibility. For native files, the designation may be made in the file name or an accompanying cover letter. A Party designating information as Confidential represents a good-faith belief that the material qualifies for protection.

### 4. Reservation of Rights to Challenge Privilege

Nothing in this Order shall expand or create any protection for materials not otherwise entitled to it under the Federal Rules; nor shall it prejudice the Receiving Party's right to challenge any assertion of privilege or work-product protection that the Disclosing Party attempts to apply to materials that are public in nature.

### 5. Access to Confidential Information

Access to materials designated Confidential shall be limited to:

a.      The court and its personnel, including any mediators, special masters, or appellate courts with jurisdiction;

b.      Jurors empaneled in this Action;

c.      Counsel of record and their staff, including associated attorneys, paralegals, secretarial personnel, and other support staff actively working on this Action;

d.      In-house counsel, officers, directors, employees, insurers, reinsurers, auditors, or agents of the Parties who have a reasonable need for access in connection with the prosecution or defense of this Action, provided such individuals first execute the Acknowledgement and Agreement to Be Bound;

e.      Retained experts and consultants (including their employees or contractors) who are consulted or retained by a Party to assist in the litigation, provided they first execute the Acknowledgement and Agreement to Be Bound;

4

f.      Treating physicians and healthcare providers to the extent reasonably necessary for their testimony;

g.      Litigation support services, including e-discovery vendors, trial graphics vendors, copy services, jury consultants, and other contractors retained in connection with this Action provided they first execute the Acknowledgement and Agreement to Be Bound;

h.      Court reporters, videographers, and other persons involved in recording deposition testimony in this Action; and

i.      Witnesses who have a reasonable need for access in connection with their testimony in this Action, provided such individuals first execute the Acknowledgement and Agreement to Be Bound.

**6. Use of Confidential Information**

Confidential Information shall be used solely for purposes of this litigation, including appeals, and not for any business, competitive, regulatory, or personal purpose unrelated to the case. It shall not be used in other litigation, arbitration, or proceedings absent further order of the court, nor disclosed to the media, press, or public in any form. Nothing herein shall restrict Counsel from rendering advice to their clients based on a review of Confidential Information, provided that such advice does not disclose the Confidential Information itself except as permitted by this Order. No Confidential Information may be disclosed to any competitor of a Party or employee of a competitor absent written consent or court order.

**7. Use in Consolidated, Actions**

Information or material designated as "Confidential" under this Protective Order may be used in any action that is formally consolidated with this Action. The terms, restrictions, and obligations of this Protective Order shall apply with equal force in any such consolidated case. All

persons receiving Confidential information in such matters shall be deemed bound by this Order as though entered in each respective proceeding absent written consent or court order.

### 8. Use of Artificial Intelligence and Large Language Models

a.        Any Receiving Party that wishes to use an AI Tool in connection with a Producing Party's Discovery Materials must – prior to such use – provide written notice of its intent to use that AI Tool to the Disclosing Party and simultaneously disclose the following information about the AI Tool to the extent the Disclosing Party knows:

(i)        the name, model and version (or date/versioning scheme) of the AI Tool;

(ii)       the name of the vendor/developer of the AI Tool, their website, and all manuals available for the AI Tool;

(iii)      whether the AI Tool is self-hosted or third-party hosted, the name of any hosting provider, the location(s) of processing and storage of any data, and any cross-border data transfers implicated;

(iv)      a summary of security measures related to the AI Tool, including any available policies and procedures documents and relevant third-party attestations and reports (e.g., SOC 2, ISO 27001, and penetration test results);

(v)       any documentation regarding whether and/or how the AI Tool will use Discovery Materials for training; and

(vi)      any documentation regarding document destruction/deletion policies and procedures as they pertain to Discovery Materials.

Notice with such information must be served on the Producing Party five (5) business days before the intended use of the AI Tool in connection with the Disclosing Party's Discovery Materials.  Within five (5) business days of receiving the notice, including the related disclosures,

of the Receiving Party's intent to use an AI Tool in relation to the Producing Party's Discovery Materials, the Producing Party may object to the proposed use of the AI Tool. The Parties must meet and confer in good faith within five (5) business days of an objection. If unresolved, the Producing Party or the Receiving Party may request a pre-motion conference with the court as required by D. Kan. Rule 37.1(a). If an objection is raised, pending resolution of the objection the Receiving Party shall not use the AI Tool in connection with Discovery Materials.

b.      In connection with the use of an AI Tool with Discovery Materials, the Receiving Party must ensure the following:

(i)      the AI Tool is used in a secure environment;

(ii)     the Discovery Materials are not used to train or improve any AI Tool except an AI Tool that will be exclusively used within this Action and, to the extent the AI Tool is trained or improved using Discovery Materials, is destroyed at the conclusion of the Action, and is not made accessible to users other than those authorized personnel otherwise allowed to have access to the Disclosing Party's Discovery Materials pursuant to the terms of this Order, and then such access shall be solely for purposes of this Action;

(iii)    the Receiving Party can and does delete all Discovery Materials from the AI Tool at the conclusion of this Action; and

c.      The court's determination regarding an AI Tool, if any, applies to all parties in the litigation, even if not the Producing or Receiving Party.

**9. Filing Under Seal**

To file Confidential Information with the court, the filing Party shall comply with D. Kan. Rule 5.4.2 and applicable federal law. Nothing herein guarantees that the court will grant a motion to seal.

### 10. Challenges to Designations

Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.

Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

### 11. Inadvertent Disclosure and Clawback

Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovering the inadvertent failure. Pursuant to Fed. R. Evid. 502(d), the parties agree, and the court hereby orders that the inadvertent disclosure of privileged or work-product material shall not constitute a waiver of any applicable privilege in this or any other federal or state proceeding. Upon written notice of such disclosure, the Receiving Party shall promptly return or destroy the identified material and confirm compliance in writing, without prejudice to its right to challenge the privilege designation before the court. This provision applies equally to third parties producing documents. The parties agree that the requirements of Fed. R. Evid. 502(b) shall not apply, and that this provision shall be interpreted to provide the maximum protection available under Rule 502(d).

**12. Deposition Testimony**

Deposition testimony may be designated Confidential on the record at the time of the deposition or by written notice within thirty (30) calendar days after receipt of the transcript. Pending expiration of this period, the entire transcript shall be treated as Confidential.

**13. Subpoenas or Court Orders**

If a Party or its Counsel receives a subpoena, court order, or other legal process demanding production of Confidential Information, that Party shall promptly notify the Disclosing Party in writing. The Disclosing Party shall bear the burden of seeking appropriate relief. No Confidential Information shall be produced until the Disclosing Party receives notice and has had a reasonable opportunity to seek such relief.

**14. Non-Party Production**

Non-parties producing documents or information in this Action may designate such materials as Confidential under this Order and thereby receive the full protections afforded to Parties. The Parties shall provide a copy of this Protective Order to any third party from whom discovery is sought, to facilitate compliance and encourage uniform treatment of Confidential Information.

**15. Return or Retention of Materials**

At the conclusion of this litigation, including appeals, all Confidential Information shall either be returned or destroyed, except that Counsel may retain an archival copy for purposes of record-keeping, litigation, appellate rights, compliance with professional responsibility rules, malpractice defense, regulatory reporting, and other applicable law. Any retained copies must remain subject to the confidentiality restrictions of this Order. The Receiving Party must provide written certification of compliance if requested.

**16. Persons Bound.**

This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its term.

**17. Use of Confidential Documents or Information at Trial or Hearing.**

Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**IT IS SO ORDERED.**

Dated March 25, 2026, at Kansas City, Kansas

s/  Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ELLSWORTH WILLIAM JEFFRIES III, et al., | |
| Plaintiffs, | |
| v. | No. 25-2352-KHV-ADM |
| HARCROS CHEMICALS INC., et al., | |
| Defendants. | |

| | |
|---|---|
| VANESSA TUCKER, individually and on behalf of those similarly situated, | |
| Plaintiff, | No. 25-2569-KHV-ADM |
| v. | |
| HARCROS CHEMICALS INC., et al., | |
| Defendants. | |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Amended Protective Order attached hereto and dated March 25, 2026, in the above-captioned case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that its terms obligate the undersigned to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

12

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____