**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ELLSWORTH WILLIAM JEFFERIES III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2352-KHV |
| | ) | |
| HARCROS CHEMICALS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Harcros Chemicals Inc.'s Motion to File Response in Opposition to Plaintiff's Motion to Compel Under Seal (Doc. #156) filed March 27, 2026. Defendant seeks to redact portions of Harcros Chemicals Inc.'s Response in Opposition to Plaintiff's Motion to Compel (Doc. #142) and Declaration of John P. Cleary (Doc. #142-1), both filed provisionally under seal on March 20, 2026. Defendant claims that its response and exhibit reveal the specific locations of sensitive documents that contain details on its critical infrastructure. Plaintiffs did not respond. For reasons stated below, however, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome

the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant seeks to redact references which allegedly reveal specific locations of sensitive documents. The documents in question do not reveal "specific" locations, however, and defendant does not explain how disclosure of general locations "could compromise the security of [its] critical infrastructure." Defendant Harcros Chemicals Inc.'s Motion to File Response in Opposition to Plaintiff's Motion to Compel Under Seal (Doc. #156) at 1. The facility discussed in defendant's motion is its principal place of business and corporate headquarters—exactly where one would expect to find sensitive documents. The response and exhibit do not identify precise locations where the documents can be found. In addition, as defendant's consultant notes in his Declaration (Doc. #142-1), many of the boxes and file cabinets which contain defendant's documents are unlabeled or generically labeled. On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records that inform the Court's decision-making process. See Colony Ins., 698 F.3d at 1241. Therefore, the Court overrules defendant's motion to redact the documents.

**IT IS THEREFORE ORDERED** that Defendant Harcros Chemicals Inc.'s Motion to File Response in Opposition to Plaintiff's Motion to Compel Under Seal (Doc. #156) filed March 27,

-3-

2026 is **OVERRULED**.  **The Court directs the Clerk to unseal the following provisionally sealed documents: <u>Harcros Chemicals Inc.'s Response in Opposition to Plaintiffs' Motion to Compel</u> (Doc. #142), <u>Declaration of John P. Cleary</u> (Doc. #142-1) and <u>Declaration of Courtney Harrison</u> (Doc. #142-2), all filed March 20, 2026**.

Dated this 16th day of April, 2026 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge