**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ELLSWORTH WILLIAM JEFFERIES III, et al.,  )
                                          )
                      **Plaintiff,**       )
                                          )        **CIVIL ACTION**
v.                                        )
                                          )        **No. 25-2352-KHV**
HARCROS CHEMICALS INC., et al.,           )
                                          )
                      **Defendants.**      )
_____   )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Koninklijke Philips N.V.'s Motion to Dismiss for Lack of Jurisdiction (12(b)(2)), Failure to State a Claim (12(b)(6)), and Repose Bar (K.S.A. § 60-513(b)) (Doc. #91) filed October 31, 2025.  Defendant argues that it is not subject to personal jurisdiction in Kansas and makes an alternative argument that under Rule 12(b)(6), Fed. R. Civ. P., the complaint does not allege facts that would justify piercing the corporate veil or imposing vicarious liability, and the Kansas statute of repose requires dismissal of plaintiff's complaint.

When defendants seek dismissal under Rule 12(b)(2) and Rule 12(b)(6) in the alternative, the Court must first decide the jurisdictional challenge because the latter challenge would be moot if the Court lacks jurisdiction.  See Creamer v. Gildemeister, No. 15-4871-KHV, 2015 WL 6828186, at *2 (D. Kan. Nov. 6, 2015).  Defendant argues that it is not subject to general or specific jurisdiction in Kansas and that the complaint fails to allege continuous or systematic or even minimum contacts such that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.  In response, plaintiffs do not claim that the complaint currently alleges facts which would justify the exercise of personal jurisdiction over

defendant.  Plaintiffs contend that jurisdictional discovery is required to "resolve the disputed facts" regarding Koninklijke's degree of control over Philips North America.  Plaintiffs have not identified a single jurisdictional fact which is disputed, however, or explained what discovery is necessary—especially given the Court's independent conclusion that plaintiffs' claims against Philips North America itself must be dismissed.  The complaint does not allege facts which suggest that Philips North America acted as defendant's agent, and the Court declines to subject defendant to jurisdictional discovery which, clearly, is nothing but a fishing expedition.

Because plaintiffs fail to make a prima facie showing of jurisdiction and identify no factual issues in that regard, defendant's motion must be granted under Rule 12(b)(2) for lack of personal jurisdiction.  Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 964 (10th Cir. 2022) (citing OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998)).  On this issue, the Court substantially agrees with the authorities and arguments set forth on pages 5 through 11 of the Memorandum in Support of Defendant Koninklijke Philips N.V.'s Motion to Dismiss for Lack of Jurisdiction (12(b)(2)), Failure to State a Claim (12(b)(6)), and Repose Bar (K.S.A. § 60-513(b)) (Doc. #92) filed October 31, 2025, and pages 9 through 10 and 12 of the Reply in Support of Defendants' Motions to Dismiss (Doc. #118) filed January 9, 2026.  As a result, the Court need not address defendant's alternative motion to dismiss under Rule 12(b)(6).

The law is well settled, and due to the press of other court business, the Court renders this truncated ruling to advance the just, speedy and inexpensive determination of this action under Rule 1, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Defendant Koninklijke Philips N.V.'s Motion to Dismiss for Lack of Jurisdiction (12(b)(2)), Failure to State a Claim (12(b)(6)), and Repose Bar (K.S.A. § 60-513(b)) (Doc. #91) filed October 31, 2025 is **SUSTAINED.**  Plaintiffs' First

-3-

Amended Issue Class Action Complaint (Doc. #73) filed October 1, 2025 against Koninklijke

Philips N.V. is dismissed for lack of personal jurisdiction.

Dated this 16th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge