IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELLSWORTH WILLIAM JEFFRIES, III, et al.,

    Plaintiffs,

    v.

HARCROS CHEMICALS INC., et al.,

    Defendants.

Case No. 25-2352-KHV-ADM

## MEMORANDUM AND ORDER

Plaintiffs Ellsworth William Jeffries, III, Rocky Garner, Misty Coyazo, Jose L. Ramirez, Jr., Kenique Smith, Estelle White, Diane L. Woods, individually and as the administrator of the estate of Cecil B. McBee, and Autumn Johnson (collectively, "plaintiffs") allege that defendant Harcros Chemicals Inc. ("Harcros") owns and operates an industrial facility located at 5200 Speaker Road, Kansas City, Kansas (the "Facility") and that toxic emissions from the Facility caused or contributed to community exposures and related harms from the poisoned air. (ECF 73.)

Plaintiffs originally filed this action against Harcros and its predecessors that owned and operated the Facility at some point in time. The court has since dismissed all claims against Harcros's predecessors, defendants Elementis Chemicals Inc., Elementis PLC, Koninklijke Philips N.V., and Philips North America LLC (f/k/a Philips Electronics North America Corporation) because the complaint does not allege that any of those defendants engaged in operations at the Facility after 2001, so the Kansas statute of repose bars plaintiffs' claims against them. (ECF 168-171.) As a result, Harcros is the only defendant remaining in this action. With respect to plaintiffs' claims against Harcros, the court has similarly dismissed the negligent construction claim as precluded by the Kansas statute of repose because the Facility was constructed in December 1960,

and plaintiffs do not allege construction within the last ten years. (ECF 166.) Likewise, the court dismissed all claims by plaintiffs Garner, Smith, White, and the estate of McBee because their injury from exposure to the Facility's toxic emissions occurred more than ten years before they filed suit.[1] (*Id*.) However, the court denied Harcros's motion to dismiss the remaining claims for strict liability (Count I), negligence other than negligent construction (Counts II-IV), wrongful death (Count V), failure to warn (Count VI), and punitive damages (Count VIII). (*Id*.)

Plaintiffs seek issue-class certification for liability and causation issues, with individual causation and damages to be determined in subsequent proceedings.[2] This matter is now before the court on plaintiffs' Motion to Compel Discovery Against Defendant Harcros Chemicals Inc. ("Harcros"). (ECF 135.) By way of this motion, plaintiffs ask the court to compel Harcros to "provide full and complete responses" to certain document requests ("RFPs"), interrogatories ("ROGs"), and requests for admission ("RFAs"). For this particular dispute, the main points of contention are (1) plaintiffs' timeliness in raising this dispute and (2) the relevant time period for each set of discovery requests. For the reasons explained below, plaintiffs' motion is denied.

---

[1] McBee died before Harcros even possessed the Facility. (ECF 166, at 5 n.4.)

[2] On December 3, 2025, this action was consolidated with the *Tucker* action, Case No. 25-2569-KHV-ADM, because the two cases involved some common questions of law and an overlapping set of operative facts. (ECF 20.) However, whereas plaintiffs in the *Jeffries* action seek issue-class certification for liability and causation issues, the plaintiff in the *Tucker* action sought class certification for injunctive relief and the establishment of a medical monitoring protocol. (*Id*.) On April 8 and 9, the court dismissed the claims against all defendants in the *Tucker* action for various reasons, including lack of subject matter jurisdiction, lack of any legally cognizable injury, lack of personal jurisdiction, and failure to state a claim because the statute of repose bars plaintiff's claim (Case No. 25-2569, ECF 48-52), leaving only the claims against the placeholder defendants ABC Corporations (1-5). On May 4, the court closed the *Tucker* action after dismissing those placeholder defendants for substantially the reasons set forth in Tucker's response to the court's Order to Show Cause. (Case No. 25-2569, ECF 57.) An entry of judgment followed. (Case No. 25-2569, ECF 58.)

## I.    BACKGROUND

Plaintiffs are members of the Kansas City, Kansas community who have been and/or continue to be exposed to toxic emissions, including various likely and known human carcinogens, emitted by the Facility for over 65 years.  (ECF 73, at 2.)  According to the amended complaint, these emissions led to "substantial harm to individuals who have inevitably inhaled dangerously elevated levels of this toxic mix of chemicals, often for their entire lives."  (*Id*. at 3-4.)  Complicating matters, the complaint states that "this Facility has been owned and/or operated in succession by one or more of the named Defendants from December 1960 to the present."  (*Id*. at 2.)  Philips Electronics North America Corporation "controlled, owned, and operated the Facility from 1961-1981."  (*Id*. at 12.)  Elementis Chemicals, Inc. "controlled, owned and operated the Facility from 1981-2001."  (*Id*. at 15.)  Harcros is "the latest in a series of corporate successors to own and operate the Facility" and has been operating the Facility since 2001.  (ECF 73, at 9; ECF 142, at 2.)[3]

Plaintiffs served their initial discovery requests—interrogatories ("ROGs"), requests for production ("RFPs"), and requests for admission ("RFAs")—on Harcros on September 19, 2025.  (ECF 135-1.)  Harcros requested an extension of its response deadlines, to which plaintiffs agreed.  Harcros ultimately responded to Plaintiffs' ROGs and RFPs on November 19 and to Plaintiffs' RFAs on December 10.  (*See* ECF 135-2, 135-3.)  Plaintiffs sent three letters pointing out deficiencies in the discovery responses and proposed compromises—on December 3 relating to Harcros's objections to plaintiffs ROGs and RFPs, another on December 15 following a meet and confer regarding deficiencies, and one on December 16 with respect to the RFAs.  (ECF 135, at 2-

---

[3] Harcros's response to the motion to compel and the declaration of John Cleary submitted in support of the response confirm these dates of ownership.  (ECF 142, at 8; ECF 142-1 ¶ 6, at 2.)

3 (citing ECF 135-4, 135-5, 135-6).)  Harcros responded to plaintiffs' deficiency letters on December 22.  (ECF 135-7.)  The parties held meet-and-confers on December 11 and 17 regarding Harcros's responses to the ROGs and RFPs and on December 30 regarding Harcros's responses to the RFAs.  (ECF 135, at 3; ECF 142, at 4.)  On January 7, 2026, Harcros sent another response letter offering to expand the temporal scope of discovery "on a case-by-case basis where there is a reasonable rationale for doing so," but reiterating its position that the 65-year period was not acceptable.  (ECF 135-8.)  In that letter, Harcros asked plaintiffs to "make their decisions quickly and close out this meet-and-confer process."  (*Id*.)  Plaintiffs did not respond to the January 7 letter or raise the temporal issue again until a Harcros-initiated meet-and-confer on February 3.  (ECF 135, at 3.)  Given that the parties were still at an impasse on this issue, plaintiffs reached out to the court on February 4 to request a discovery hearing with the undersigned.  (ECF 135, at 3.)

On February 20, the court convened an in-person discovery conference to discuss, among other things, the parties' dispute concerning the temporal scope of plaintiffs' discovery requests. (ECF 133.)  Harcros objected to responding to discovery going back more than ten years before this lawsuit was filed.  Meanwhile, plaintiffs disputed Harcros's proposed temporal limitation because the allegations in the complaint go back decades beyond this ten-year period.  The court then set a schedule for plaintiffs' anticipated motion to compel.  (*Id.*)

On February 27, the *Jeffries* plaintiffs filed the current motion to compel.  (ECF 35.)  By way of this motion, the *Jeffries* plaintiffs ask the court to overrule Harcros's temporal, proportionality, repose, and merits-based objections, and compel Harcros to fully respond to Plaintiffs' RFAs, ROGs, and RFPs.  Plaintiffs also seek an award of their fees and costs under Rule 37.

## II.    TIMELINESS OF RAISING DISCOVERY DISPUTE

Harcros argues that plaintiffs' motion is untimely because plaintiffs did not comply with District of Kansas Local Rule 37.1's procedural requirements.  That rule requires that any discovery-related motion "be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute."  D. KAN. RULE 37.1(c).  Further, the "court may deny any motion filed after that 30-day period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue." *Id.*

Here, plaintiffs filed their motion to compel 108 days after Harcros served its responses and objections to plaintiffs' ROGs and RFPs and 79 days after Harcros served its objections to plaintiffs' RFAs.  Moreover, plaintiffs waited until 49 days after the last meet-and-confer concerning the ROGs and RFPs and 36 days after the last meet-and-confer concerning RFAs to seek a pre-motion conference with the court.  (ECF 142, at 3.)  Given this delay, the court evaluates whether plaintiffs have demonstrated diligence in attempting to resolve the specific discovery dispute at issue.

In addition to the long delay in seeking a pre-motion conference and in filing their motion to compel, the court is concerned that plaintiffs were silent for *over a month* after the parties' meet-and-confers in December—with no substantive correspondence or discussion about the temporal scope issue until a Harcros-initiated meet and confer on February 3.  Plaintiffs attempt to explain this gap by pointing out that they were "respond[ing] to 5 Motions to Dismiss and 1 Motion to Amend the Protective Order" during this time.  (ECF 135, at 3.)  This is not a valid excuse.  Rule 37.1 requires only "a reasonable effort to confer" before filing a motion to compel.  D. KAN. RULE

37.1(a).  Moreover, the rule is clear that, if the movant does not file the motion to compel "within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion," the court may deny the motion as untimely "unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue."  *Id.*  This 30-day deadline has been a well-known staple in this district for decades.  So it was incumbent on plaintiffs to either file the motion within 30 days after receipt of Harcros's discovery responses (after a reasonable effort to confer) or diligently continue meet-and-confer efforts and then file the motion if those efforts do not result in a compromise.  Here, plaintiffs did neither.[4]

The court therefore denies the motion to compel on timeliness grounds with respect to the RFAs, given the lapse in plaintiffs' efforts to resolve the discovery dispute as to the RFAs following their meet-and-confer on December 30.  As for the ROGs and RFPs, the court prefers to resolve these issues on the merits because they are the central issues in dispute.  The court will therefore exercise its discretion to resolve the motion with respect to the ROGs and RFPs despite the motion's untimeliness.

## III.    LEGAL STANDARDS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  In other words, considerations of both relevance and proportionality now expressly govern the scope

---

[4] Plaintiffs' reply points to *Gaedeke Holdings VII, Ltd. v. Williams*, No. 22-mc-208-HLT-TJJ, 2022 U.S. Dist. LEXIS 233293, at *4 (D. Kan. Dec. 29, 2022), to support the timeliness of their motion.  But that case is inapposite.  There, the court found the motion to compel was timely because "[c]ounsel conferred repeatedly through mail, email, and by phone, from shortly after Mr. Williams received the subpoena until September 7, 2022, when Mr. Williams rejected a final compromise offer" and then filed the motion 22 days later.  Here, there was no conferral or engagement by plaintiffs regarding the dispute during the entire month of January, notwithstanding Harcros's attempts to engage.

of discovery.  FED. R. CIV. P. 26(b)(1) advisory committee's note to the 2015 amendment. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies).

When a responding party fails to make a disclosure or permit discovery, the discovering party may file a motion to compel.  FED. R. CIV. P. 37(a).  The party seeking discovery bears the initial burden to establish relevance, but it does not bear the burden to address all proportionality considerations.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360 (D.N.M. 2018) (discussing the effect of the 2015 amendment on the party seeking discovery); *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003) (stating the moving party bears the initial burden to demonstrate relevance); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case."); FED. R. CIV. P. 26(b)(1) advisory committee's note to the 2015 amendment (noting that the amendment "does not place on the party seeking discovery the burden of addressing all proportionality considerations" and that "the parties' responsibilities [on a discovery motion] would remain the same as they have been").

Relevance is often apparent on the face of the request.  *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 652–53 (D. Kan. 2006).  When the discovery sought appears relevant on its

face, or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections. *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014) (holding the party resisting discovery bears the burden to show why a discovery request is improper); *Martin K. Eby Const. Co. v. OneBeacon Ins. Co.*, No. 08-1250-MLB-KGG, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) ("Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request."). The party resisting discovery does not carry this burden by asserting "conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004). Rather, an objecting party "must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Id*. at 670-71.

## IV.    ANALYSIS

Plaintiffs' motion to compel makes two main arguments: (1) Harcros waived its undue burden and proportionality objections; and (2) Defendants' objections to the requests' temporal scope are improper because the statute of repose is an invalid basis for not producing the requested documents.

### A.    <u>Waiver of Undue Burden and Proportionality Objections</u>

Plaintiffs contend that Harcros waived its undue burden objection by deliberately withholding this objection from its original discovery responses and by failing to support its proportionality objections. Harcros retorts that the requests are unduly burdensome and not proportional to the needs of the case under a proportionality analysis under Fed. R. Civ. P. 26(b)(1).

When ruling on a motion to compel, the court considers only those objections initially asserted in response to the discovery request and relied upon in response to the motion. *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1256 (D. Kan. 2008). Objections not initially raised in response to a discovery request are generally deemed waived absent a showing of good cause. *Id.* Here, Harcros did not specifically make an "undue burden" objection in its discovery responses. However, Harcros timely asserted the following objection that each interrogatory and request:

> seeks information from approximately 65 years ago, extending beyond the time period relevant and reasonably at issue to the claims and defenses in this case, including beyond even the outer limits of the statute of repose. As such, the [Interrogatory or Request] is overbroad, *not proportional to the claims or defenses at issue in this case*, and unlikely to lead to the discovery of admissible evidence.

(ECF 135-2 (emphasis added).) This objection provided plaintiffs with fair notice that Harcros was objecting to the requests' temporal scope and also objecting to the proportionality of the requests to the extent plaintiffs were requesting information beyond the "outer limits of the statute of repose." (*Id.*)

Under Rule 26(b)(1), a proportionality analysis inherently encompasses consideration of "the burden or expense of the proposed discovery." FED. R. CIV. P. 26(b)(1). A party may obtain discovery that is relevant and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, *and whether the burden or expense of the proposed discovery outweighs its likely benefit*." *Id.* (emphasis added). Because Harcros asserted a proportionality objection, which inherently encompasses an undue burden analysis, the court finds that Harcros did not deliberately withhold

9

its undue burden objection or fail to support its proportionality objection. Therefore, these objections are not waived.[5]

The court also finds that Harcros adequately supported its proportionality objections. Harcros specifically objected to plaintiffs' definition of "Time Period" in the ROGs and RFPs as overbroad and "beyond the relevant temporal scope," explaining that plaintiffs' definition "pre-dates the existence of Harcros in its current form" and "focuses on periods during which Harcros neither owned nor operated the Facility." (ECF 135-2, at 3 (ROGs), 37 (RFPs).) Moreover, Harcros has demonstrated, via two declarations submitted with its response to plaintiffs' motion to compel, that Plaintiffs' requests would be "extraordinarily burdensome and time-consuming" given that the Facility has changed hands multiple times during its 65-plus years in existence and would require Harcros to search for, identify, and analyze "an enormous volume of material scattered across numerous locations in varying states of disrepair." (ECF 142, at 8 (citing declarations).) One of the declarations provides detailed insight into the storage locations maintained by Harcros, including the storage and collection of pre-2015 documents, microfilm, and microfiche in file cabinets and bankers' boxes, some of which are unlabeled and inaccessible,

---

[5] Even if Harcros had not made an explicit proportionality objection, the court has an independent obligation to sua sponte consider the issue of proportionality. Rule 26(b)(2)(C) requires that "[o]n motion or **on its own, the court must limit** the frequency or extent of discovery" if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C) (emphasis added). This rule incorporates the Rule 26(b)(1) proportionality standard, which the court should always consider in resolving discovery disputes. FED. R. CIV. P. 26 advisory committee's notes to the 2015 amendment (court has a "responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes"); *see, e.g.*, *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010) ("Fed. R. Civ. P. 26(b)(2)(C) cautions that all permissible discovery must be measured against the yardstick of proportionality.").

and the significant logistical challenges to review.  (ECF 142-1, Ex. B.)  The other declaration attests that plaintiffs' requested date range would require "the collection, scanning, and review of between approximately 1900 and 2700 boxes' worth of documents in addition to two oversized file cabinets containing 15-20 additional boxes' worth of documents and 8 file cabinets containing dozens of boxes of microfilm and thousands of sheets of microfiche," and then proceeds to itemize the costs for each phase of collection, scanning, review, and production of such documents and materials.  (ECF 142-2.)  According to the declaration, broadening the scope of discovery to include the period of 1961 to 2015 would result in additional costs between $2,100,000 and $2,600,000 and it would take 24,200-26,400 hours to scan and more than 6,000 hours to review.  (ECF 142-2 ¶ 17; *see also* ECF 142, at 8.)  Given this explanation, the court finds that Harcros has met its burden to support its undue burden/proportionality objections.  *See Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV, 2018 WL 3055869, at *3 (D. Kan. June 20, 2018) (party asserting an undue burden objection has "the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome").

### B.    Temporal Scope for Requests

The court now turns to the parties' dispute regarding the relevant time period for each set of discovery requests.  Plaintiffs defined the relevant time period for the responses as "December 1, 1960 to present, unless otherwise specified."  (ECF 135-1, at 7; ECF 135-2, at 7; ECF 135-3, at 7.)  Thus, plaintiffs' requests require Harcros to answer interrogatories and produce documents going back more than 65 years.  Harcros contends the temporal scope should be limited to the 10-year statute of repose period.

The court does not see how information and documents dating back to 1961 are relevant to the claims in this case given the district judge's Memorandum and Order granting in part Harcros's motion to dismiss. In that order, the court explained that the statute of repose operates as a general grant of immunity against claims arising more than ten years after defendant's actions and abolishes a cause of action even if it has not yet accrued. (ECF 166, at 9, 16.) This ruling effectively moots the current motion. Meanwhile, Harcros has shown why plaintiffs' requests for documents dating back 65 years are overbroad, unduly burdensome, and not proportional to the needs of the case. *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (finding discovery request covering 10-30 years' worth of records lacks a reasonable temporal limitation and is presumptively overbroad). Accordingly, the court denies plaintiffs' motion to compel and limits discovery related to plaintiffs' remaining claims against Harcros (strict liability for abnormally dangerous activities, gross negligence, negligence, wrongful death, and failure to warn) to a reasonable timeframe of ten years from the date the lawsuit was filed—June 30, 2015 to present.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel Discovery Against Defendant Harcros Chemicals Inc. (ECF 135) is denied.

Dated May 8, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

12