**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ELLSWORTH WILLIAM JEFFRIES III, et al.,**  ) | |
| ) | |
| **Plaintiffs,**  ) | |
| ) | **CIVIL ACTION** |
| **v.**  ) | |
| ) | **No. 25-2352-KHV** |
| **HARCROS CHEMICALS INC. et al.,**  ) | |
| ) | |
| **Defendants.**  ) | |
| ) | |

**MEMORANDUM AND ORDER**

On April 9, 2026, the Court entered a memorandum and order which sustained in part the motion to dismiss by Harcros Chemicals Inc., dismissing all claims by Rocky Garner, Kenique Smith, Estelle White and the estate of Cecil B. McBee, for failure to state a claim on which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P.  Memorandum And Order (Doc. #166).  This matter comes before the Court on the Motion Of Plaintiffs Garner And Smith For Rule 54(B) Certification, Or, In The Alternative, Certification Under 28 U.S.C. § 1292(b) (Doc. #175) filed April 28, 2026 and Defendant Philips North America LLC's Motion Regarding Plaintiffs' Request For Certification Under Rule 54(b) And 28 U.S.C. § 1292(b) (Doc. #183) filed May 12, 2026.  For the reasons stated below, the Court sustains both of the motions in part.

**Legal Standard**

Rule 54(b), Fed. R. Civ. P., provides as follows:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and

all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  By making immediate appeal available, Rule 54(b) seeks to avoid the possible injustice caused by delaying until final adjudication of the entire case judgment on a distinctly separate claim or as to fewer than all of the parties.  Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001).  It also preserves the historic federal policy against piecemeal appeals, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956), a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case, Okla. Turnpike Auth., 259 F.3d at 1241.  Thus, it attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.  Id.

District courts should not routinely enter Rule 54(b) judgments.  Id. (citing Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980); Livesay v. Shollenbarger, 19 F.3d 1443, 1994 WL 56923, at *2 (10th Cir.1994); Great Am. Trading Corp. v. I.C.P. Cocoa, Inc., 629 F.2d 1282, 1286 (7th Cir.1980)).  They should be reluctant to enter such orders because the purpose of the rule is limited: to provide a recourse for litigants when dismissal of less than all their claims without immediate appeal will create undue hardships.  Id. (quoting Gas–A–Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973)).

If the Court does not enter judgment under Rule 54(b), it may facilitate an interlocutory appeal under 28 U.S.C. § 1292(b) by certifying an interlocutory order when (1) such order involves a controlling question of law, (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation and (3) a substantial ground for difference of opinion exists with respect to the question of law.  See 28 U.S.C. § 1292(b).  "The proponent of an interlocutory

appeal bears the burden of establishing that all three of the substantive criteria are met." Freedom Transp., Inc. v. Navistar Int'l Corp., No. 18-CV-2602-JAR, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020).

The Court retains discretion to certify an interlocutory order for appeal under Section 1292(b). See Swint v. Chambers Cty. Comm'n, 514 U.S. 35, 47 (1995). Certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." State of Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994). "[I]nterlocutory appeals are not appropriate to merely provide review of difficult rulings in hard cases." Kammerer v. Univ. of Kansas, No. 24-CV-2182-JAR, 2024 WL 5135969, at *2 (D. Kan. Dec. 17, 2024) (internal quotations omitted).

## Procedural History

In its Memorandum And Order (Doc. #166) filed April 9, 2026, the Court recited the background facts. In that order, the Court dismissed all claims by Garner and Smith, because (1) neither plaintiff alleged exposure to toxins from defendant's facility that led to their injuries within the last ten years, and (2) the Kansas statute of repose, K.S.A. § 60-513(b), plainly bars any claims that arise from acts which defendants committed more than ten years ago.[1] Id. at 10. The Court found that the latent disease exception to the statute of repose contained in the Kansas Product Liability Act ("KPLA"), K.S.A. § 60-3301 et seq., does not save plaintiffs' claims because plaintiffs did not make a product liability claim under the KPLA. The Court also found that tort theories of failure to warn and ongoing wrongful act only applied before plaintiffs suffered injuries,

---

[1] On statute of repose grounds, the Court also dismissed plaintiffs White and the estate of McBee, and defendants Philips Electronics North America, Koninklijke Philips N.V., Elementis Chemicals, Inc. and Elementis PLC.

so for plaintiffs who were injured more than ten years ago, the statute of repose still barred those claims.  Id. at 12.

**Analysis**

Under Rule 54(b), Garner and Smith ask the Court to certify the dismissal of their individual claims so that they may take an immediate appeal as of right to the Tenth Circuit.  In the alternative, under 28 U.S.C. § 1292(b), they ask the Court to certify the question whether the KPLA latent disease exception applies to toxic tort claims arising from air emissions from the manufacture of products.  Philips North America LLC ("Philips") moves to be heard on plaintiffs' motion and in the alternative for the Court to include Philips in any certification order or appellate proceeding.

## I.      Rule 54(b) Certification

Garner and Smith argue the Court should certify its dismissal of their claims under Rule 54(b) because otherwise, it will likely be many years before the Tenth Circuit hears their claims and their health may deteriorate in the meantime.  They argue that their claims are not dependent on the claims of other plaintiffs, that the Court's order disposed of all of their claims and therefore it would be an unnecessary hardship if the Court forced them to wait to appeal until the final resolution of the litigation.

Harcros opposes certification, arguing that Rule 54(b) certification is only proper when the resolved claims are "distinct and separable" from those left unresolved, citing Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005).  It argues that the claims of Garner and Smith are not separable from the claims of plaintiffs who are still active in this litigation, since all are predicated on the same factual allegations of toxic air emissions and the central legal issue whether the KPLA's latent disease exception is available to all plaintiffs.

To be final for purposes of Rule 54(b), an order must be "final" in the sense that it is an ultimate disposition of an individual claim and must be distinct and separable from the claims left unresolved.   Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005).   The requirement to have separable claims is to prevent redundant appeals.  Id.  To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues and whether separate recovery is possible. Id.  This distinction is based on largely practical concerns, as the Tenth Circuit explained:

> The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

Id. at 827 (quoting Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997).  Here, any appeal by Garner and Smith would significantly overlap if not duplicate the claims of other plaintiffs retained for trial.  All of plaintiffs' claims against Philips Electronics North America, Koninklijke Philips N.V., Elementis Chemicals, Inc. and Elementis PLC relied on the same arguments to avoid the statute of repose and turn on the same factual questions, *e.g.* defendants' actions that allegedly harmed plaintiffs and whether those actions qualify for (1) the KPLA latent disease exception, (2) last failure to warn tort theory or (3) ongoing tortious conduct. Thus, by entering judgment now, the Court would risk creating piecemeal appeals involving identical issues.  Entering judgment for Garner and Smith could require the Tenth Circuit to repeatedly familiarize itself with the facts of the case and address similar issues more than once. This alone is just reason to deny plaintiffs' motion.  See Okla. Turnpike Auth., 259 F.3d at 1241.

Garner and Smith argue that waiting for the other claims to resolve will result in undue hardship, since they will likely have to wait for years for the action to resolve—in which time their "health may deteriorate." Motion For Rule 54(b) Certification (Doc. #175) at 7.  Rule 54(b) should

be used only in the "infrequent harsh case." Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973). Here, plaintiffs have not shown that the hardship of waiting, though unfortunate, is particularly undue or harsh.

Therefore, the Court declines to certify under Rule 54(b) its dismissal of the claims of Garner and Smith.

## II.   28 U.S.C. § 1292(b) Certification

In the alternative, Garner and Smith request that under 28 U.S.C. § 1292(b), the Court certify the question whether the KPLA's latent disease exception applies to toxic tort claims. A district judge may certify an interlocutory order when she is of the opinion that (1) such order involves a controlling question of law, (2) an immediate appeal may materially advance the ultimate termination of the litigation and (3) a substantial ground for difference of opinion exists with respect to the question of law. See 28 U.S.C. § 1292(b).

### A.   Controlling Question Of Law

"Question of law" refers to a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." Ahrenholz v. Bd. of Trustees of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). That question of law is controlling "if resolution of the issue on appeal could materially affect the outcome of litigation in the district court" or where "its incorrect disposition would require reversal of a final judgment." City of Neodesha v. BP Corp. N. Am. Inc., No. 15-CV-4025-KHV, 2016 WL 3522092, at *3 (D. Kan. June 28, 2016); Park v. Trican Well Serv., L.P., No. CIV-15-515-R, 2015 WL 6160272, at *2 (W.D. Okla. Oct. 20, 2015). A party presents a controlling issue of law when it claims that the Court articulated the legal standard incorrectly. Steering Committee v. United States, 6 F.3d 572, 575 (9th Cir. 1993).

Plaintiffs argue that the KPLA's latent disease exception applies, and that its applicability

is a controlling question of law.  The Court agrees.

B.      Materially Advance The Ultimate Termination Of The Litigation

"A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would materially advance the ultimate termination of the litigation."  State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994) (internal quotations omitted).  Plaintiffs can meet this element by showing that an immediate appeal:

> [W]ould eliminate the need for a trial, eliminate complex issues so as to simplify the trial, or make discovery easier and less costly.  If the litigation will be conducted in substantially the same manner regardless of the decision, an immediate appeal will not advance the termination of the litigation.  This element turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case, the extent of the parties' preparation for trial, and the nature and scope of the requested relief.

Raymond v. Spirit Aerosystems Holdings, Inc., No. 16-1282-JWB, 2019 WL 1922170, at *2 (D. Kan. Apr. 30, 2019) (internal citations omitted).  Plaintiffs argue that if the Circuit reversed on this question, after the conclusion of the case, the Court would need to relitigate the claims of Garner, Smith, White and the estate of McBee, and all of plaintiffs' claims against defendants Philips Electronics North America, Koninklijke Philips N.V., Elementis Chemicals, Inc. and Elementis PLC.  As it stands, the litigation will be conducted only on claims arising from within the last ten years, but reversal would significantly widen the scope of the litigation.  Therefore, early resolution of this question could materially advance the ultimate termination of the litigation.

C.      Substantial Ground For Difference Of Opinion

A substantial ground for difference of opinion may exist when a question is difficult or novel, and is one on which there is little precedent.  Farmer v. Kan. State Univ., No. 16-CV-2256-JAR-GEB, 2017 U.S. Dist. LX 135559, at *9 (D. Kan. Aug. 23, 2017).  Plaintiffs argue that the

-7-

question is difficult, as evidenced by the Court's <u>Order</u> (Doc. #166) at 11, where the Court acknowledges that on its face, plaintiffs' claims fit the KPLA's definition for a product liability claim since they are brought for harm caused by the manufacture and storage of products—as the definition requires.  The Court concluded that plaintiffs' claims are not product liability claims under the KPLA, because the alleged harm was not from the products themselves—the KPLA is intended to cover victims of defective products, not claims arising from all commercial manufacturing activity.  Plaintiffs argue that a substantial body of Kansas case law supports literal construction of its statutes, and therefore this issue involves substantial ground for difference of opinion.  Plaintiffs argue that no Kansas authority forecloses the application of the KPLA to toxic tort emissions, and that the question is therefore novel.  Defendant responds that the Court's ruling was based on well-settled Kansas law and that Kansas courts have repeatedly applied the ten-year statute of repose in similar environmental contamination cases, so the issue does not involve substantial ground for difference of opinion.

This question does appear to be novel—though Kansas courts have applied the ten-year statute of repose in similar cases, none expressly addressed whether the KPLA applied.  As plaintiff argues, a strict, literal reading of the KPLA's definition for product liability claims might result in plaintiffs' claims qualifying as product liability claims and the KPLA latent disease exception could be available.  Therefore, the Court finds substantial ground for difference of opinion, and will certify this question for the Tenth Circuit.

## III.    Philips' Motion

Philips moves to be heard on plaintiffs' motion, and in the alternative to be included in any certification order or appellate proceedings that brings up for review the Court's Order dismissing claims against Philips.  Plaintiffs do not oppose Philips' motion.

Here, plaintiffs seek appeal on the Court's ruling sustaining Harcros' motion to dismiss, not the Court's ruling sustaining Philips' motion to dismiss (Order (Doc. #171) filed April 16, 2026). Regardless, the Court considered Philips' arguments on plaintiffs' motion and came to the same conclusions. Whether Philips will have the opportunity to be heard on plaintiffs' appeal— either as an amicus or as an intervenor—is for the Tenth Circuit to determine if it agrees to hear this appeal, and Philips can seek this relief there.

Philips moves that any certification order should also bring up for review the Court's Order (Doc. #171) which sustained Philips' motion to dismiss. For the same reasons above, and since plaintiffs do not oppose the motion, the Court will sustain the motion for certification under 28 U.S.C. § 1292(b) on the question whether the KPLA latent disease exception applies to plaintiffs' claims against Philips.

**IT IS THEREFORE ORDERED** that Motion Of Plaintiffs Garner And Smith For Rule 54(b) Certification, Or, In The Alternative, Certification Under 28 U.S.C. § 1292(B) (Doc. #175) filed April 28, 2026 is **SUSTAINED IN PART.** It is **SUSTAINED** as to certification Under 28 U.S.C. § 1292(b), and **OVERRULED** in regard to certification under Rule 54(b).

**IT IS FURTHER ORDERED** that Defendant Philips North America LLC's Motion Regarding Plaintiffs' Request For Certification Under Rule 54(b) And 28 U.S.C. § 1292(b) (Doc. #183) filed May 12, 2026 is **SUSTAINED IN PART.** It is **SUSTAINED** as to certification under 28 U.S.C. § 1292(b) and otherwise **OVERRULED**.

Dated this 22nd day of July, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge